1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bedford Eugene FARMER, Defendant-Appellant.
 No. 92-5859.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 27, 1993.
Decided: August 17, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, District Judge. (CR-92-174)
 David M. Katz, Bluefield, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, John C. Parr, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and MURNAGHAN and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Bedford Eugene Farmer appeals from his conviction for violating 18 U.S.C.A. Sec. 924(c) (West Supp. 1993), use of a firearm during and in relation to a drug offense.[1] He raises five allegations on appeal. After a careful review of the record, we affirm Farmer's conviction.
 
 
 2
 In June 1992, the West Virginia State Police received information that Farmer was involved in the distribution of oxycodone. The informant who provided this information to the police, Mark Boyce Roberts, agreed to cooperate with the police. A drug transaction was arranged at Farmer's home with an undercover officer, Bobby Bowman, posing as a drug supplier from North Carolina. Bowman and Roberts showed up at Farmer's home and sold him the oxycodone. Roberts then asked Farmer, who also sold guns, if he had any weapons for sale. At this time Farmer removed a loaded .38 caliber revolver from under his chair. At the same time, the police entered the house. Officer Bowman attempted to take the gun from Farmer, but Farmer refused to relinquish it and, according to Bowman, attempted to fire the weapon. After the .38 was removed from Farmer, Farmer reached for a .22 caliber Derringer holstered on his belt. This gun was also taken from him, and he was arrested. Based on these facts, the jury convicted Farmer of violating Sec. 924(c).
 
 
 3
 Farmer's first assertion is that he was denied an impartial jury because one of the questions asked of potential jurors during voir dire was prejudicial.[2] To successfully prove this claim, the burden of showing prejudice from the alleged error falls on the defendant. United States v. Griley, 814 F.2d 967, 974 (4th Cir. 1987). Farmer suffered no prejudice from the question, because, as he acknowledges, none of the jurors answered the question affirmatively. Thus, they could not have been influenced by any possible suggestion present in the inquiry.
 
 
 4
 Second, Farmer claims that the district court erred in denying his motion for acquittal on the Sec. 924(c) count. We review a denial of a motion for acquittal to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, viewing the evidence in a light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 319 (1979). To sustain a conviction under Sec. 924(c), the "weapon need not be brandished or displayed." United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991). All that is required is that the gun be "present and accessible, ... and there is little question that its presence would help facilitate the success of the criminal undertaking." Id. In the present case, Farmer brandished the gun at the officers and attempted to use it. Hence, the evidence was sufficient to support his conviction on this charge.
 
 
 5
 In his third challenge to his conviction Farmer claims that Sec. 924(c) is unconstitutional because it violates the Second Amendment of the Constitution. Section 924(c) does not prohibit people from keeping and bearing firearms; rather, it criminalizes the use of a gun during a drug offense. 18 U.S.C.A. Sec. 924(c); see United States v. King, 532 F.2d 505, 510 (5th Cir. 1976) (section 924(a) does not violate Second Amendment's provision concerning right to bear arms). Consequently, it does not run afoul of the constitutional provisions in the Second Amendment; this claim is meritless.
 
 
 6
 Farmer's fourth claim includes a variety of challenges to his trial attorney's effectiveness. However, claims of ineffective assistance of counsel should be raised in a motion under 28 U.S.C.Sec. 2255 (1988) in district court where the record can be more fully developed, and not on direct appeal, unless the error conclusively appears on the trial record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991), cert. denied, 60 U.S.L.W. 3717 (U.S. 1992). Because that is not the case here, these claims are more appropriately raised in a Sec. 2255 motion.
 
 
 7
 Finally, Farmer asserts that the district court erred in denying his motion for a new trial. Farmer sought a new trial on the grounds that the district court failed to instruct the jury that a conviction on count two, possession with intent to distribute, was a predicate for a conviction under Sec. 924(c), and that no instruction was given as to Farmer's constitutional right to bear arms. Even if the district judge erred in not instructing the jury that count two was a predicate to count three, the error was harmless because Farmer was convicted of all counts. As to the latter claim, because there was no objection to this instruction in the district court, appellate review is waived. United States v. Bryant, 612 F.2d 799, 803 (4th Cir. 1979), cert. denied, 446 U.S. 919 (1980).
 
 
 8
 Accordingly, we affirm Farmer's conviction.
 
 AFFIRMED
 
 
 [1]
 Farmer was also convicted of conspiracy to distribute oxycodone in violation of 21 U.S.C. Sec. 846 (1988), and possession with intent to distribute oxycodone in violation of 21 U.S.C. Sec. 841(a)(1) (1988). He does not challenge these convictions
 
 
 [2]
 The question at issue was, "Do you believe in the right to bear arms to the extent of allowing individuals to carry weapons regardless of what the law prohibits?"